SICKLEY BROTHERS, A CORPORATION, PLAINTIFF-RESPONDENT, v. MICHEL & MOORE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October term, 1930—Decided May 25, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff-respondent, *Riker & Riker*.

For the defendant-appellant,, *Jacob E. Max*.

PER CURIAM.

Defendant appeals from a judgment against it in the sum of $500 and costs. The action was on a book account for fuel oil alleged to have been sold and delivered by the plaintiff to the defendant. There is evidence from which the following facts could be found: The defendant, Michel & Moore Company, a corporation, was the owner's agent in charge of a certain building; defendant held out Gilberton A. Wharton of its office as having complete charge and authority in the management of the business and directed one Schipper, superintendent of the building, to take up with Mr. Wharton any matters regarding the building; Schipper under authority from Wharton, 'ordered fuel oil from the plaintiff for use in the building and, without disclosing the name of the owner, ordered the oil charged to the defendant; plaintiff accordingly, without knowing the name of the owner, delivered the oil at the building, charged the items to and forwarded the bills to the defendant and received from defendant two checks, one for $193.62 and another for $284.55, in part payment thereof. The judgment is slightly less than the amount of the bill after deducting the payments thus made and certain rent credits.

Appellant argues, first, that an agent is not liable for goods sold to his principal. However forceful this contention might be in its proper place, it has no application where the goods were actually sold to a person who happens to be an agent.

The second point is that there is a strong presumption that credit is extended to the principal along in dealings carried on with an agent. Nevertheless, an agent who fails to disclose the identity of his principal may be personally liable on his contract. *Yates* v. *Repetto*, 65 *N. J. L.* 294.

The third point is not, in our opinion, pertinent on the assumption of a state of facts such as we have outlined above.

The judgment is affirmed, with costs.